101 F.3d 682
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Henry CASIVANT, Plaintiff-Appellant,
v.
COUNTY of COLUMBIA; Mitchell Oxehnhorn, as Commissioner of
the Columbia County Department of Social Services; Nan
Hermus, individually and as Director of Social Services of
the Columbia County Department of Social Services; Roland
Barth, individually and as employee of the Columbia County
Department of Social Services; John Hallenbeck; John Doe,
Mary Roe, and Mary Doe, who are employees, not as yet
identified, of the Columbia County Department of Social
Services; Pamela Joern, individually and as Assistant
County Attorney and Attorney for the Columbia County
Department of Social Services, Defendants-Appellees.
 United States Court of Appeals, Second Circuit.
 April 10, 1996.
 
 Appearing for Appellees:James A. Resila, Carter, Conboy, Case, Blackmore, Napierski & Maloney, Albany, New York.
 Appearing for Appellant: Robert C. Hunter, Hudson, New York.
 N.D.N.Y.
 AFFIRMED.
 Before WINTER, JACOBS and CALABRESI, Circuit Judges.
 
 
 1
 Henry Casivant appeals from Judge Cholakis's grant of summary judgment in favor of appellees and dismissal of his complaint, filed pursuant to 42 U.S.C. § 1983. Casivant appeals from only the dismissal of Counts One and Three in the complaint.
 
 
 2
 With respect to Count One, in which appellant complains that appellees were involved in the "abduction" of his children in December of 1992, Casivant's complaint fails to clearly allege what constitutional rights were violated. Even if we liberally construe his counseled complaint to make out a claim of deprivation without due process of law of the parental liberty interest in the custody of one's children, see Cecere v. City of New York, 967 F.2d 826, 829 (2d Cir.1992) (citing Stanley v. Illinois, 405 U.S. 645, 649-58 (1972)), he fails to allege any facts that support a claim based on either procedural or substantive due process. As the district court observed, Casivant "does not allege that the procedures utilized under New York law are in some way inadequate." Casivant v. County of Columbia, No. 93-CV-1495 (N.D.N.Y. July 12, 1995) (memorandum decision and order).
 
 
 3
 With respect to Count Three, in which Casivant asserts violations of his "rights of privacy and association under the United States Constitution" in connection with actions taken by an unspecified appellee on May 23, 1993, Casivant apparently failed to provide the district court with a copy of the court order that forms the basis of his claim. We must reject any attempt to make an evidentiary proffer in this court. Summary judgment on this count was therefore proper.
 
 
 4
 For these reasons, Casivant's complaint was properly dismissed, and we need not address appellees' claims of prosecutorial and qualified immunity. We have examined Casivant's claims with respect to the other named appellees and conclude that they were properly dismissed by the district court.
 
 
 5
 We therefore affirm.